People v Clifford (2020 NY Slip Op 51277(U))

[*1]

People v Clifford (John)

2020 NY Slip Op 51277(U) [69 Misc 3d 135(A)]

Decided on October 29, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 29, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., JERRY GARGUILO, ELIZABETH H.
EMERSON, JJ

2019-154 N CR

The People of the State of New York,
Respondent,
against
John A. Clifford, Appellant. 

John A. Clifford, appellant pro se.
Nassau County District Attorney (Jason R. Richards and Michael K. Degree of counsel), for
respondent.

Appeal from a judgment of the District Court of Nassau County, First District (Joseph B.
Girardi, J.), rendered January 3, 2019. The judgment convicted defendant, upon a jury verdict, of
menacing in the second degree, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was convicted, following a jury trial, of menacing in the second degree (Penal
Law § 120.14 [1]). On appeal, defendant argues, among other things, that the District Court
erred in denying his general request for a "justification charge" and that the verdict is repugnant,
as he was acquitted of criminal possession of a weapon in the fourth degree (Penal Law §
265.01 [2]).
Defendant's contention on appeal that he was entitled to a justification charge under Penal
Law §§ 35.25 and 35.15 (2) as to the menacing count of which he was convicted is
unpreserved for appellate review (see CPL 470.05 [2]). In any event, viewing the
evidence in a light most favorable to defendant, there was no reasonable view of the evidence
supporting the elements of [*2]a justification defense. Defendant
testified that, while driving his vehicle in Long Beach, as he was speeding up to drive around a
car that had turned in front of him and was about to hit his vehicle, he saw the complainant and
his daughter crossing the street just ahead. The complainant pushed his daughter back as
defendant swerved out of the way, and the complainant swung the diaper bag he was carrying
like a baseball bat and hit defendant's vehicle's rear window with it. Defendant traveled about 50
feet down the road and stopped his vehicle. Defendant took a quick look, saw damage to his
window, grabbed a sheathed hatchet from his tools, exited his vehicle, took seven steps toward
the complainant, held up the still-sheathed hatchet, and said, "Come on. If you want a piece of
me, come get it." Under the circumstances presented, no reasonable view of the evidence could
support the conclusion that defendant committed the act of menacing in the second degree, but
did so under circumstances warranting a justification charge under either Penal Law § 35.15
(2) or § 35.25 (see People v
Richardson, 115 AD3d 617, 618 [2014]; People v Oakley, 66 Misc 3d 142[A], 2020 NY Slip Op 50160[U]
[App Term, 2d Dept, 9th & 10th Jud Dists 2020]).
Defendant's contention that the verdict convicting him of menacing in the second degree
(Penal Law § 120.14 [1]) and acquitting him of criminal possession of a weapon in the
fourth degree (Penal Law § 265.01 [2]) is repugnant is not preserved for appellate review
(see People v Ransom, 170 AD3d
1199, 1200 [2019]; People v
Edwards, 129 AD3d 1499 [2015]), and we decline to review that contention as a matter
of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant's remaining contentions are without merit.
Accordingly, the judgment of conviction is affirmed.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 29, 2020